IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE ANN RUNNELS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-02727-M (BT) |
| | § | |
| | § | |
| BBVA COMPASS BANK et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and a recommendation. For the following reasons, the magistrate judge recommends that the complaint be dismissed.

I.

On October 10, 2018, Plaintiff filed a complaint in the Fort Worth Division of the Northern District of Texas. She alleged that Defendants BBVA Compass Bank, Cederic Lydelle Brown, New Home Solution and Investment, and American Dream and Educational Concepts "conducted discriminatory business practices in a discriminatory way" to prevent her from refinancing her home and to cause her to lose her home. (ECF No. 1 at 2.) Magistrate Judge Cureton granted Plaintiff leave to proceed *in forma pauperis* and transferred the case to this Court. On October 24, 2018, this Court sent Plaintiff a notice of deficiency informing her that

1

her complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court directed the clerk's office to send Plaintiff a copy of Rule 8 and ordered Plaintiff to file an amended complaint curing the deficiency. On October 26, 2018, Plaintiff filed an amended complaint. After reviewing the amended complaint and applicable law, the Court finds the amended complaint should be dismissed for failure to state a claim on which relief can be granted.

## II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

Plaintiff's amended complaint fails to state a claim on which relief may be granted.[1]  Plaintiff states, "[t]his case involves housing discrimination and breach of contract," "discrimination and maney (sic) Ponzi scheme through housing discrimination," and "I am seeking $10,000,000."  Plaintiff fails to provide any other information to elaborate on these claims or to set forth any specific facts in support of her vague assertions.

To survive dismissal under the framework of *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly" facts that she contends entitle her to relief.  *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

Here, even construing Plaintiff's complaint liberally, she fails to plead facts sufficient to allow the Court "to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.  Plaintiff's complaint should therefore be dismissed.

---

[1] The amended complaint lists the Defendants as BBVA Compass Bank, Cedric Brown aka Cedric Brooks, Walter L. Irvin, Ray McDonald, and Charles C. Guimm, III.

IV.

The Court should DISMISS Plaintiff's Complaint with prejudice under 28 U.S.C. § 1915(e)(2).

Signed November 6, 2018.

                                                                           _____
                                                                           REBECCA RUTHERFORD
                                                                           UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).